UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GEORGE P. MINTER, )
)
Petitioner, )
)
v. ) No. 2:17-cv-00260-JMS-MJD
)
SUPERINTENDENT Wabash Valley )
Correctional Facility, )
)
Respondent. )

**Entry Discussing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner George P. Minter ("Mr. Minter") is an Indiana state prisoner currently

incarcerated at Wabash Valley Correctional Facility. For the reasons explained in this Entry, Mr.

Minter's petition for a writ of habeas corpus must be **denied** and the action dismissed for lack of

jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

On May 20, 1994, after a jury trial, Mr. Minter was sentenced to fifty years for attempted

murder, three years for theft, with an additional thirty years habitual offender enhancement.

On July 5, 1995, the Indiana Supreme Court affirmed the petitioner's convictions on direct

appeal. *See Minter v. State*, 653 N.E.2d 1382, 1382 (Ind. 1995). On September 10, 1996, the

petitioner filed a petition for post-conviction relief ("PCR") in state court which was denied

on April 5, 1999. Dkts. 9-1 at 8; 10-12. The Indiana Court of Appeals affirmed the PCR court

on March 21, 2000, and transfer was denied by the Indiana Supreme Court on May 24, 2000.

Dkts. 9-2; 9-3.

On August 31, 2000, the petitioner's first habeas corpus petition for this conviction was filed with the Clerk of this Court, under cause No. TH00-C-0243-M/F. Dkt. 9-5. On March 7, 2001, this Court entered judgment dismissing the petition with prejudice. *Id.* The petitioner sought a certificate of appealability of this ruling, which the United States Court of Appeals for the Seventh Circuit denied. *Id.*

The petitioner has been unsuccessful in seeking leave to file successive petitions for post-conviction relief with the Indiana Court of Appeals, with the most recent denial occurring on April 28, 2017. Dkt. 9-4. On June 5, 2017 Mr. Minter, proceeding *pro se*, filed the instant petition for a writ of habeas corpus. Respondent filed its return to the order to show cause on August 3, 2017.

## II. Discussion

In his petition, Mr. Minter raises claims of ineffective assistance of counsel and fundamental error. The crux of his claims are that, because the police report in his case discussed recklessness with a deadly weapon, rather than attempted murder, he should not have been charged with attempted murder. Dkt. 1.

In response to the Court's show cause order, the respondent argues that the petition must be denied for lack of jurisdiction because Mr. Minter has not received permission from the Seventh Circuit Court of Appeals to file a successive habeas petition. Dkt. 9.

The Court lacks jurisdiction over Mr. Minter's petition, as he has already challenged his conviction via a prior federal habeas petition. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the

consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), *opinion supplemented on denial of rehearing en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.* Accordingly, this Court lacks jurisdiction over Mr. Minter's petition and it is therefore dismissed.

## III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the limitation on filing second or successive habeas petitions without authorization. His petition for a writ of habeas corpus is therefore dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/17/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE P. MINTER
943370
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Justin F. Roebel
INDIANA ATTORNEY GENERAL
302 West Washington Street,
Indiana Government Center South
Fifth Floor
Indianapolis, IN 46204
justin.roebel@atg.in.gov